**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Daniel J. Philipps, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 8204 |
| Nationwide Credit & Collection, Inc., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Daniel J. Philipps, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for those violations, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Daniel J. Philipps ("Philipps"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed to Pulmonary & Critical Care Association.

4. Defendant, Nationwide Credit & Collection, Inc., ("NCC"), is an Illinois corporation that, from its offices in Oak Brook, Illinois, acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, NCC was acting as a debt collector as to the debt it attempted to collect from Mr. Philipps.

5. Defendant NCC is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, NCC conducts business in Illinois.

6. Moreover, Defendant NCC is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCC acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. In May of 2008, Mr. Philipps became ill and was hospitalized. As part of his treatment, Mr. Philipps received services from Pulmonary & Critical Care Association ("Pulmonary"). During his hospitalization, the hospital and the medical providers who had seen him were provided with Mr. Philipps' Blue Cross/Blue Shield insurance information. At the time he was hospitalized, he had met his deductible and no co-payments were due. Moreover, Mr. Philipps never received any bill from Pulmonary.

8. Nonetheless, on December 15, 2010, Defendant NCC began calling Mr. Philipps on his sister's telephone and left a message on her voice-mail, which message his sister heard, namely:

2

> This message is for [pause]. If you are not [pause], please hang up or disconnect. If you are [pause], please continue to listen to this message without the presence of others as it contains personal and private information. There will now be a pause in this message to allow you to listen in private.
>
> By continuing to listen to this message, you acknowledge that you are [pause]. This is Nationwide Credit and Collection, this is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact our office at [pause], with reference no. [pause] during our regular business hours of Monday through Thursday from 8:30 a.m. to 8:00 p.m., Friday from 8:00 a.m. to 4:00 p.m. and Saturday from 8:00 a.m. to 12:00 p.m. Thank you.

No name was ever given in the message, such that Mr. Philipps' sister could determine that the message was not for her and hang-up, nor was a telephone number or reference number provided.

9. Thereafter, on December 18, 2010, Mr. Philipps received an initial form collection letter from Defendant NCC, dated December 13, 2010, demanding payment of the alleged medical debt. A copy of this letter is attached as Exhibit C.

10. Then on December 21, 2010, Defendant again called Mr. Philipps' sister's telephone, and left an identical message, which his sister also heard.

11. All of the collection actions at issue occurred within one year of the date of this Complaint.

12. Defendant NCC's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(b) Of The FDCPA --**
**Communicating With A Third Party**
**That A Consumer Owes A Debt**

13. Plaintiff adopts and realleges ¶¶ 1-12.

3

14. Section 1692c(b) of the FDCPA prohibits a debt collector from communicating with a third party that a consumer allegedly owes a debt. <u>See</u>, 15 U.S.C. § 1692c(b).

15. Defendant NCC violated § 1692c(b) of the FDCPA by communicating to Mr. Philipps' sister that he allegedly owed a debt.

16. Defendant's violations of § 1692c(b) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA –**
**Unfair Or Unconscionable Collection Actions**

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt, <u>see</u>, 15 U.S.C. § 1692f.

19. Defendant's two telephone voice-mails to Mr. Philipps, in which Defendant repeatedly failed to indicate who it was calling, so that any other listener would have the opportunity to terminate the message, and failed to provide Mr. Philipps with a number to return the telephone call, were unfair or unconscionable means to attempt to collect a debt, in violation of § 1692f of the FDCPA.

20. Defendant's violations of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692e Of The FDCPA –**
**False Or Misleading Representations**

17. Plaintiff adopts and realleges ¶¶ 1-12.

4

18. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in the collection of any debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

19. Defendant's attempts to collect a debt which was not owed, because it was covered by health insurance, was false, deceptive or misleading, in violation of § 1692e of the FDCPA.

20. Defendant's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Daniel J. Philipps, prays that this Court:

1. Find that Defendant's debt collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Philipps, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Daniel J. Philipps, demands trial by jury.

Daniel J. Philipps,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: December 27, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com